UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA            :

        - against -                 :

HECTOR MANUEL ALEJO CONCEPCION,     :

             Defendant,             :

- - - - - - - - - - - - - - - - - -x

```
┌─────────────────────────────┐
│ USDC SDNY                   │
│ DOCUMENT                    │
│ ELECTRONICALLY FILED        │
│ DOC #: _____       │
│ DATE FILED: 12/16/09        │
└─────────────────────────────┘
```

**MEMORANDUM DECISION**

09 Civ. 4537 (DC)
06 Cr. 743 (DC)

**APPEARANCES:**        PREET BHARARA
                        United States Attorney for the
                        Southern District of New York
                            By:  Christopher LaVigne, Esq.
                                Assistant United States Attorney
                        One Saint Andrew's Plaza
                        New York, NY  10007

                        HECTOR MANUEL ALEJO CONCEPCION
                        Defendant Pro Se
                        CI Moshannon Valley
                        Unit A, P.O. Box 2000
                        Philipsburg, PA  16866

**CHIN, District Judge**

            On February 9, 2007, pro se defendant Hector
Concepcion pled guilty to illegal reentry after the commission
of an aggravated felony, in violation of 8 U.S.C. § 1326(a) and
(b)(2), and conspiracy to commit money laundering, in violation
of 18 U.S.C. § 1956(a)(1)(B)(I) and (h).  He was sentenced
principally to a term of imprisonment of 70 months.  Concepcion
now moves pursuant to 28 U.S.C. § 2255 to vacate, set aside, or
correct his sentence on the grounds that: (1) he received
ineffective assistance of counsel; (2) the money laundering
conviction was based on an erroneous statutory interpretation in
light of United States v. Santos, 128 S. Ct. 2020 (2008); and
(3) the Court erred by not considering "general concerns" as a

basis for a non-Guidelines sentence.   For the reasons that
follow, I deny the petition as being meritless. [1]

## BACKGROUND

On September 1, 2006, Concepcion was indicted on one
count of conspiracy to commit money laundering by using proceeds
from illegal narcotics transactions and one count of illegal
reentry following removal.   Concepcion pled guilty to both
counts on February 9, 2007.   See United States v. Concepcion,
No. 06 Cr. 743 (DC), 2007 WL 2319119, at *1 (S.D.N.Y. Aug. 13,
2007).

On June 1, 2007, I sentenced Concepcion principally to
a term of imprisonment of 70 months, on each count to run
concurrently.   By letter dated June 1, 2007, Concepcion
expressed his intent to appeal.   I construed this letter as a
notice of appeal to the United States Court of Appeals for the
Second Circuit.   On July 1, 2007, Concepcion filed a pro se
motion pursuant to 28 U.S.C. § 2255.   I denied the motion
without prejudice as premature, as Concepcion's direct appeal to
the Second Circuit was pending.   On appeal, Concepcion
challenged the sufficiency of the factual basis for his guilty
plea to money laundering.   On October 14, 2008, the Second

[1] Because "[i]t plainly appears from the face of the
[section 2255] motion and . . . the prior proceedings in the
case that [Conception] is not entitled to relief," I did not
order the United States Attorney to file an answer to the
instant motion.   See Rules Governing Section 2255 Proceedings
for the U.S. Dist. Courts 4(b); Armienti v. United States, 234
F.3d 820, 822-23 (2d Cir. 2000).

-2-

Circuit affirmed. See United States v. Concepcion, No. 07 Cr.
2857, 2008 WL 4585331, at *1 (2d Cir. Oct. 14, 2008).

Concepcion filed this motion pro se pursuant to 28
U.S.C. § 2255 on May 13, 2009.

## DISCUSSION

Concepcion's motion is denied. First, he waived his
right to challenge his sentence, whether by a motion under 28
U.S.C. § 2255 or otherwise. Second, even assuming that
Concepcion is not precluded from challenging his sentence, the
motion is denied on the merits.

## I.   Waiver of Rights

In his plea agreement, Concepcion explicitly agreed
that he would "not file a direct appeal, nor litigate under
Title 28, United States Code, Section 2255 and/or Section 2241,
any sentence within or below the Stipulated Guidelines Range" of
70 to 87 months. (Plea Agreement at 5). The Second Circuit has
held such waivers enforceable:

> In no circumstance . . . may a defendant,
> who has secured the benefits of a plea
> agreement and knowingly and voluntarily
> waived the right to appeal a certain
> sentence, then appeal the merits of a
> sentence conforming to the agreement.   Such
> a remedy would render the plea bargaining
> process and the resulting agreement
> meaningless.

United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir.
1993); see also United States v. Djelevic, 161 F.3d 104, 106-07
(2d Cir. 1998) (knowing and voluntary waiver of right to appeal
sentence within agreed-upon Guidelines range is enforceable).

-3-

Nevertheless, "a waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which the waiver has been produced, here, the plea agreement." Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002) (citing United States v. Hernandez, 242 F.3d 310, 113-14 (2d Cir. 2001) (per curiam)). Accordingly, the district court "does not automatically enforce § 2255 waivers in the face of ineffectiveness of counsel, as such claims 'may call into question the very legitimacy of the § 2255 waivers.'" Itzkowitz v. United States, No. 04 Civ. 63 (DC), 2004 WL 1672451, at *2 (S.D.N.Y. July 27, 2004) (citing Mendez v. United States, No. 01 Civ. 2924, 2002 WL 226693, at *2 (S.D.N.Y. Feb. 13, 2002)).

Concepcion's motion is denied because he waived his right to appeal or otherwise challenge his sentence, and the record establishes that his waiver was knowing, voluntary, and intelligent. First, I conducted a thorough allocution and specifically asked Concepcion whether he understood that he was giving up his right to appeal or in any other way litigate his sentence if it fell within the range stipulated by the plea agreement, and he responded affirmatively. (2/9/07 Tr. at 12). Second, Concepcion confirmed that (1) he discussed the plea agreement with his attorney, (2) the plea agreement was translated and he fully understood it before signing, and (3) he had not been induced or forced in any way to enter into the plea agreement. (Id. at 3-7). Third, Concepcion confirmed that he

-4-

was satisfied with his attorney's representation.  (Id. at 4).
Finally, as further discussed below, Concepcion's claims fail on
the merits: his counsel was not ineffective.

Consequently, the plea agreement is valid.  Because I
sentenced Concepcion to the stipulated sentence of 70 months, he
has waived his right to challenge his sentence and is precluded
from making this motion.

## II.  Merits

On the merits, Concepcion argues that: (1) his plea
was not entered knowingly and voluntarily because he received
ineffective assistance of counsel; (2) the money laundering
conviction was based on an erroneous statutory interpretation in
light of United States v. Santos, 128 S. Ct. 2020 (2008); and
(3) the Court erred by not considering "general concerns" as a
basis for a non-Guidelines sentence.  Each claim is meritless.

### A.  Ineffective Assistance of Counsel

Concepcion asserts he was denied effective assistance
of counsel on three grounds.  First, Concepcion claims he and
his family were misled by his attorney into believing he would
receive a sentence of no more than thirty-six months, which
influenced Concepcion's decision to forgo trial.  Second,
Concepcion claims he never discussed the plea agreement with his
attorney and did not truly understand the contents of the plea
agreement when he signed it.  Third, Concepcion claims he was
not aware that the plea agreement stipulated that the money
seized was of drug origin.  Concepcion claims he would not have

-5-

agreed to such a plea because he does not know the true origin of the money. He asserts that these failures violated his Sixth Amendment rights.

### 1. **Applicable Law**

The Supreme Court recognizes that the Sixth Amendment right to counsel is a necessary aspect of the fundamental right to a fair trial. Strickland v. Washington, 466 U.S. 668, 684 (1984). To prevail on an ineffective assistance of counsel claim, a petitioner must satisfy the two-prong test set forth in Strickland. First, the petitioner must demonstrate that his "counsel's representation fell below an objective standard of reasonableness." Id. at 687-88. Second, he must show that counsel's deficient performance prejudiced his defense. Id. at 692.

To demonstrate that he was prejudiced, a petitioner must prove that, but for counsel's errors, there is sufficient probability that the outcome of the proceeding would have been different. See id. at 694. To succeed, petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. Furthermore, judicial scrutiny of counsel's performance must be deferential, "evaluat[ing] the conduct from counsel's perspective at the time." Id.; see also Bell v. Cone, 535 U.S. 685, 698 (2002).

-6-

## 2.   **Application**

Concepcion has failed to demonstrate that his counsel did not meet the required objective standard of reasonableness or that he was prejudiced by his counsel's alleged deficient performance.   There is nothing in the record to support either of these claims.

First, Concepcion argues that he was misled into believing he would receive a sentence of thirty-six months and the promise of this below-Guidelines sentence influenced Concepcion's decision to forgo trial.   This argument is belied by the following colloquy:

> THE COURT: Do you understand that if your attorney or anyone else has attempted to predict what your sentence will be, that the prediction could be wrong?
>
> THE DEFENDANT: Yes.
>
> THE COURT: That is because no one -- not your attorney, nor the government -- should or can make any promises to you as to what your sentence will be as your sentence cannot be decided until after the presentence report is completed, I have ruled on any objections, and I have decided whether there is any basis to go above or below the Guideline range.   Do you understand that?
>
> THE DEFENDANT: Yes.

(2/9/07 Tr. at 11).   Hence, Concepcion was told that any sentencing predictions made by his attorney were only predictions, and that they could be wrong.   Moreover, I specifically advised him that his stipulated sentencing range

-7-

was 70 to 87 months. (<u>Id.</u> at 12). Accordingly, his first argument fails.

Second, Concepcion's claim that he never discussed the plea agreement with his lawyer and did not realize he had signed a guilty plea agreement is contradicted by the record. During the plea hearing, I asked Concepcion whether he had signed the plea agreement. He acknowledged that he had and that before he signed it (1) it had been translated for him, (2) he discussed it with his lawyer, and (3) he fully understood it. (<u>Id.</u> at 13). Concepcion's ineffective assistance claim is further undermined by his affirmation that he discussed the case with his lawyer and was satisfied with his lawyer's representation. (<u>Id.</u> at 4).

Third, Concepcion argues that his guilty plea was unknowing and involuntary because he did not understand that a guilty plea to the money laundering count involved conceding that the laundered money was related to drug activity. At his plea, however, Concepcion admitted transporting approximately $70,000 in cash. (<u>Id.</u> at 14-15). Although he claims now that he did not know the origin of the money, he stated otherwise, under oath, at his plea, as demonstrated in the following colloquy:

> THE COURT: . . . When you were carrying that money, Mr. Concepcion, in August of 2006, were you planning on passing that money on to someone else?
>
> THE DEFENDANT: Yes. . . .

-8-

> THE COURT: And you were planning to pass it
> to someone else to help hide the fact that
> it was the proceeds of narcotics activity?
> Is that true?

> THE DEFENDANT: Yes.

(Id. at 16-17).  Concepcion acknowledged that the money was drug
related and his claims to the contrary now are not credible.   Of
course, Concepcion should have known -- and in fact knew -- that
such a large amount of cash had to have been and was related to
narcotics trafficking.

Moreover, even assuming counsel's performance was
somehow deficient, Concepcion was not prejudiced.   The
government submitted that if the case went to trial, the
government would show that the proceeds in question were from
unlawful activity and that laboratory tests would reveal the
presence of narcotics on the money.  (Id. at 17).   This
information, paired with Concepcion's admissions, leads to the
conclusion that the proceedings would have turned out no
differently even without the alleged ineffective assistance of
counsel.  (See 5/9/09 Presentence Report at 5).

**B.    Santos**

Petitioner argues that he was erroneously convicted
and sentenced for conspiracy to commit money laundering in light
of the Supreme Court's decision in United States v. Santos, a
case decided after Concepcion's conviction.   128 S. Ct. 2020
(2008).  (Pet. Mem. at 10).   As a threshold issue, Concepcion is
procedurally barred from asserting Santos on collateral review

-9-

because of his failure to raise the <u>Santos</u> issue on direct
appeal.

### 1.   **Applicable Law**

To overcome a procedural default, a § 2255 petition
must demonstrate both "cause" for the default and "actual
prejudice" resulting therefrom.  <u>See</u> <u>United States v. Frady</u>, 456
U.S. 152 (1982) (adopting the "case and actual prejudice"
standard of review specified in <u>Wainwright v. Sykes</u>, 433 U.S.
72, 87 (1977), for issues raised initially in habeas motions);
<u>Murray v. Carrier</u>, 477 U.S. 478, 485 (1986); <u>DeJesus v. United</u>
<u>States</u>, 161 F.3d 99 (2d Cir. 1998).

To demonstrate "cause," petition must show that the
procedurally defaulted claim "is so novel that its legal basis
[was] not reasonably available to counsel."  <u>Bousley v. United</u>
<u>States</u>, 523 U.S. 614, 622 (quoting <u>Reed v. Ross</u>, 468 U.S. 1, 16
(1984)).  A procedural default cannot be excused, therefore,
simply on the ground that petitioner's legal argument was
"unacceptable to that particular court at that particular time."
<u>Id.</u> (quoting <u>Engle v. Isaac</u>, 456 U.S. 107, 130 n.35 (1982)); <u>see</u>
<u>also</u> <u>DeJesus</u>, 161 F.3d at 103 ("In rejecting [petitioner's]
arguments for cause, the Supreme Court found that the default
could not be excused on the grounds that [petitioner's] legal
argument was 'not reasonably available' to his counsel or that
raising it would have been futile.").

The "reasonably available" standard of <u>Reed</u> does not
consider "what a particular . . . petitioner actually knew," but

-10-

rather what was available "upon diligent inquiry." Daniels v.
United States, 254 F.3d 1180, 1190 (11th Cir. 2001). Reasonable
availability does not depend on whether "subsequent legal
developments have made counsel's task easier, but whether at the
time of the default the claim was 'available' at all." Smith v.
Murray, 477 U.S. 527, 537 (1986). If the claim had been
"percolating" in the courts, then the claim was available to
counsel. Further, "the mere fact that counsel failed to
recognize the factual basis for a claim, or failed to raise the
claim despite recognizing it, does not constitute cause."
Murray v. Carrier, 477 U.S. 478, 486 (1986).

### 2.  **Application**

Concepcion argues that because of Santos, his
allocution does not plainly establish a factual basis for the
money laundering charge contained in the indictment. Even
assuming arguendo that Santos applies retroactively on
collateral review, Concepcion cannot prevail because he has
procedurally defaulted with respect to a Santos claim. By
failing to argue Santos on direct appeal, Concepcion cannot
raise the claim now on this § 2255 motion.

Concepcion's Second Circuit appellate brief was filed
on April 11, 2008 and the judgment herein was affirmed on
October 14, 2008. Santos was argued before the Supreme Court on
October 3, 2007 and was decided on June 2, 2008. Because Santos
was decided while his appeal was still pending, and because he
was not "impeded" from making such a claim, Concepcion has

-11-

failed to show sufficient cause for failing to raise the claim and his effort to raise Santos now is procedurally barred.

### C.   **Non-Guidelines Sentence**

Concepcion contends that the Court did not understand it had discretion to downwardly depart from the Guidelines sentencing range by considering "general concerns" about the appropriateness of the sentence imposed.   This claim is also meritless.

### 1.   **Applicable Law**

To prevail on a § 2255 motion, a defendant must demonstrate that the "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; see also United States v. Addonizio, 442 U.S. 178, 185 (1979); Davis v. United States, 417 U.S. 333, 346 (1974) (explaining that relief under § 2255 is available for defects that are constitutional, jurisdictional, or in some other respect fundamental).   Also, a decision to depart downwardly is discretionary and generally not subject to appellate review. United States v. Valdez, 426 F.3d 178, 184 (2d Cir. 2005) ("[A] refusal to downwardly depart is generally not appealable . . . [unless] a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.").

-12-

The Supreme Court has consistently held that "an error
of law does not provide a basis for collateral attack unless the
claimed error constituted 'a fundamental defect which inherently
results in a complete miscarriage of justice.'" Addonizio, 442
U.S. at 185 (quoting Hill v. United States, 368 U.S. 424, 428
(1962)); see Hardy v. United States, 878 F.2d 94, 97 (2d Cir.
1989). Indeed, "to obtain collateral relief [under § 2255] a
prisoner must clear a significantly higher hurdle than would
exist on direct appeal." United States v. Frady, 456 U.S. 152,
166 (1982) (quoted in Lucas v. United States, 963 F.2d 8, 14 (2d
Cir. 1992)).

## 2. **Application**

Concepcion argues that this Court erred by not
granting a downward departure because the Court did not
understand it had the authority to consider whether the sentence
properly reflected the considerations of 18 U.S.C. § 3553(a).
First, Concepcion has waived his right to challenge his sentence
and is procedurally barred from raising this claim because I
sentenced him within the stipulated range of 70 to 87 months.

Second, even if Concepcion were not barred from making
this argument, his argument that I did not understand that I
could consider general concerns and sentencing public policy
when calculating his sentence is simply incorrect. I considered
the statutory factors and whether a criminal history category of
IV overstated Concepcion's criminal history. (5/31/07 Tr. at 7-
8). As I concluded at the sentencing and conclude now,

-13-

Concepcion's case presents no basis for a non-Guidelines sentence because, inter alia, this was his fourth conviction. I understood that I had the discretion to sentence Concepcion below the Guidelines range. (See id. at 8 ("The question is in deciding whether to go below the guidelines range [the argument that the criminal history category of IV seriously overstated Concepcion's criminal history] is worth something. . . .")). I simply did not find any basis to impose a non-Guidelines sentence. Concepcion's 70-month sentence, at the bottom of the Guidelines range, was not "grossly exaggerated," especially since Concepcion agreed to this range in his plea agreement, and given that the sentence covered two crimes: illegal re-entry and conspiracy to commit money laundering.

## CONCLUSION

Accordingly, Concepcion's motion is denied. Because he has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2253 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

SO ORDERED.

Dated:    New York, New York
          December 16, 2009

DENNY CHIN
United States District Judge

-14-